

# THE ATTORNEY GENERAL
## OF TEXAS

AUSTIN, TEXAS 78711

WAGGONER CARR
ATTORNEY GENERAL

January 18, 1966

Honorable Henry Wade
District Attorney
Dallas County
Dallas, Texas

Opinion No. C-585

Re: The applicability of Article 18.30, Code of Criminal Procedure, to dispositions of unclaimed or abandoned personal property in the custody of law enforcement officials and agencies.

Dear Mr. Wade:

You have requested an opinion of this office by letter which reads in part:

"Does Section 1, Article 18.30, Code of Criminal Procedure, which becomes effective January 1, 1966, provide only for the delivery to the purchasing agent or sheriff of unclaimed or abandoned personal property seized by a peace officer through execution of a search warrant?"

Section 1 of Article 18.30, referred to above, provides as follows:

Article 18.30  Sale of unclaimed or abandoned property

"Sec. 1. All unclaimed or abandoned personal property except whiskey, wine and beer, of every kind, seized by a peace officer, which is not held as evidence to be used in any pending case and has not been ordered destroyed or returned to the person entitled to possession of the same by a magistrate, which shall remain unclaimed for a period of 30 days shall be delivered to the purchasing agent of the county for sale. If the county has no purchasing agent then such property shall be sold by the sheriff of the county."

Sections 2, 3 and 4 of this article provide for the disposition of any property delivered in accordance with Section 1.

By the express terms of Section 1, "All . . . personal property . . . seized by a peace officer" (except whiskey, wine

-2824-

and beer), and by virtue of the incorporation of this section into Chapter 18 of the Code of Criminal Procedure which is entitled "Search Warrants" and regulates the issuance of such warrants, it is clear that Section 1 and the other sections of Article 18.30 apply to property seized under a search warrant and that any unclaimed or abandoned personal property so obtained must be delivered to the purchasing agent or sheriff of the county to be disposed of as therein provided.

The question remains as to whether or not Article 18.30 is applicable to abandoned or unclaimed personal property which has come into the hands of law enforcement officers by some means other than seizure under a search warrant.

In formulating an answer, notice should first be taken of special statutes that provide for the disposal of certain properties of a "contraband" nature (properties used or possessed in violation of law). For example, intoxicating beverages, expressly excluded from the operation of Article 18.30, are dealt with in Articles 666-30 and 666-42 of Vernon's Penal Code; narcotics and vehicles used for their transportation are covered by Article 725d of Vernon's Penal Code, while Article 726d, Vernon's Penal Code, covers the disposition of "dangerous drugs"; adulterated or misbranded food and drugs are controlled by Articles 9.06 of Vernon's Code of Criminal Procedure and Article 4476-5 of Vernon's Civil Statutes; and the disposition of gaming equipment is provided for by Articles 637 and 642a of Vernon's Penal Code.

Since Article 54.02 of the new Code of Criminal Procedure stipulates that any existing provisions of the Revised Civil Statutes and the Penal Code which govern criminal procedures in special instances are not repealed, any special statutes such as those set out above, providing for the disposition of particular items of property coming into the custody of law enforcement officers, should continue to be followed and adhered to.

Where there is no special statute governing disposition and the property concerned is not seized under a search warrant, Chapter 47 (Articles 47.01 - 47.11) of the new Code of Criminal Procedure styled "Disposition of Stolen Property" should be consulted. This chapter, after providing for the return of stolen property where the owner is known or can be determined, contains the following Articles:

Article 47.06 Property sold

"If the property is not claimed within 30

days from the conviction of the person accused
of illegally acquiring it, the same procedure
for its disposition as set out in Article 18.30
of this Code shall be followed." (Emphasis
supplied)

Article 47.07  Owner may recover

"The real owner of the property sold under
the provisions of Article 47.06 may recover such
property under the same terms as prescribed in
Section 4 of Article 18.30 of this Code."
(Emphasis added)

Article 47.11  Scope of Chapter

"Each provision of this Chapter relating to
stolen property applies as well to property ac-
quired in any manner which makes the acquisition
a penal offense."

It would therefore appear evident that the terms of
Article 18.30 apply to unclaimed or abandoned property, which
may have been stolen whether seized under a search warrant or
not, and to property which is otherwise illegally acquired
where there is no special statute controlling disposition.

Next to be considered is the problem of disposing of
other properties, not seized under a search warrant, and which
do not come within the terms of a special disposition statute
or within the definition of stolen or illegally acquired
property.

Such articles of personal property may include items
of an evidentiary nature seized by officers at the time of an
arrest of a suspect with or without an arrest warrant where a
search and seizure is made incident to the arrest and not
pursuant to a search warrant.

Article 18.30, Section 1, speaks of property "seized
by a peace officer" with no qualifying language limiting the
terms of the article to situations where the seizure of the
property was under the authority of a search warrant, and
accordingly, the article logically applies to all seizures
of property by peace officers.

Moreover, inasmuch as the new Code of Criminal Pro-
cedure purports to regulate all matters relating to criminal

procedure (Articles 1.03 and 54.02, Code of Criminal Procedure), the provisions of the Code should govern the disposition of all property coming into the possession of law enforcement officers in connection with the enforcement of criminal laws unless there is another special statute providing for disposition. Accordingly, in any circumstance, where there is no particular procedure set up by another statute, the words "seized by a peace officer" in Article 18.30 should be given a broad meaning so as to embrace all personal properties, not of a contraband nature, which may come into the possession of peace officers including property voluntarily delivered to such officers by a suspect, witness or other person who may have knowledge of a criminal offense or suspected crime.

## SUMMARY

"The applicability of Article 18.30 of the
new Code of Criminal Procedure is not limited
to unclaimed or abandoned personal property
seized under a search warrant; on the contrary,
this Article controls the disposition of all
such property (except intoxicants) in the cus-
tody of peace officers where there is no special
statute providing for the disposition of par-
ticular items and kinds of property."

Very truly yours,

WAGGONER CARR
Attorney General of Texas

By LONNY F. ZWIENER
Assistant Attorney General

LFZ:cm

APPROVED:
OPINION COMMITTEE

W. V. Geppert, Chairman
Milton Richardson
Howard M. Fender
John Banks
Robert Flowers

APPROVED FOR THE ATTORNEY GENERAL
BY: T. B. Wright

-2827-